UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SI & TEAM, INC.,<br><br>           Plaintiff,<br><br>  -against-<br><br>PURE O NATURAL PRODUCTS,<br><br>           Defendant. | 24-CV-4857 (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On January 12, 2026, the case was referred to me for all purposes including trial on the parties' consent to my jurisdiction under 28 U.S.C. § 636(c). (*See* ECF 41, Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.) A status conference was held in this matter on January 15, 2026, during which Defendant indicated an intention to file a motion for summary judgment, and during which the parties and the Court discussed a briefing schedule for the anticipated summary judgment motion. On further consideration, including review of the individual practices of other judges in this District – virtually all of which indicate that the Court generally does not consider motions for summary judgment in non-jury cases, the Court concluded that, because this is a non-jury case, permitting Defendant to file a summary judgment motion in this case would be inefficient. Accordingly, this matter will proceed to trial beginning on **April 6, 2026**, and continuing from day to day until complete.

1.  As discussed at the conference, the Court anticipates that all direct testimony shall be presented by affidavit, except for testimony by a person whose attendance must be compelled by subpoena. Any request for the Court to hear direct testimony of a witness

1

who otherwise would be required to provide direct testimony by affidavit shall be filed by **February 20, 2026**.

2. By **February 27, 2026**, the parties shall submit on the docket a joint proposed order containing the following information:

   a. The full caption of the action;

   b. The names, addresses (including firm names), telephone numbers, and e-mail addresses of counsel;

   c. A list of all witnesses, indicating whether such witnesses will testify in person, by video, or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), and a brief summary of the substance of each witness's anticipated testimony. Absent leave of Court, a witness listed by both sides shall testify only once, and Plaintiff will be permitted to go beyond the scope of the direct examination on cross examination of such a witness. Counsel should confer with respect to scheduling;

   d. A designation by each party of deposition testimony to be offered by the party, with any cross-designations and objections by any other party. For any deposition with objections, the parties shall also provide the full transcript of that deposition, unless otherwise ordered by the Court; and

   e. A list by each party of exhibits to be offered by the party. If a party objects to an exhibit, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection. If any party believes that the Court should rule

on such an objection in advance of trial, that party should include a notation to that effect (e.g., "Advance Ruling Requested") as well.

3.  By **March 13, 2026**, the parties shall submit on the docket (a) affidavits—the originals of which shall be marked as exhibits at the hearing— constituting the direct testimony of each witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, a person for whom a party has requested and from whom the Court has agreed to hear direct testimony during the hearing, and witnesses whose testimony will be provided by deposition; and (b) all deposition excerpts that will be offered as evidence.

4.  All exhibits must be pre-marked in advance of the hearing. **By March 13, 2026**, each party shall submit to Chambers a flash drive containing electronic copies of all documentary exhibits organized by exhibit number and a document listing all exhibits sought to be admitted. The list of all exhibits sought to be admitted shall be separated into four columns labeled: (a) Exhibit Number; (b) Description of the exhibit; and (c) Admitted/Not Admitted.

5.  Within **14 days** of the conclusion of trial, each party shall submit on the docket proposed findings of fact and conclusions of law—a copy of which shall be e-mailed to Chambers in .pdf version— which, for each proposed factual finding, shall include citations to the record.

DATED:  January 16, 2026
          New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge